# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARCUS BOUNDS<br>1600 Magnolia Drive<br>Delmar, Delaware 19940 | * <br><br>*    Civil Action No.: _____ <br><br>* |
| | * |
| v. | |
| | * |
| DEPUTY BENJAMIN C. PARSONS<br>Individually and in his official capacity as<br>Deputy with the Wicomico County Sheriff's Department<br>401 Naylor Mill Road<br>Salisbury, Maryland 21801 | *<br><br>*<br><br>* |
| | * |
| and | |
| | * |
| CORPORAL CRISTAN K. TAYLOR<br>Individually and in his official capacity as<br>Corporal with the Wicomico County Sheriff's Department<br>401 Naylor Mill Road<br>Salisbury, Maryland 21801 | *<br><br>*<br><br>* |
| | * |
| and | |
| | * |
| OFFICER KEITH HEACOOK<br>Individually and in his official capacity as<br>Officer with the Delmar Police Department<br>102 S. Pennsylvania Ave.<br>Delmar, Maryland 21875 | *<br><br>*<br><br>* |
| | * |
| and | * |
| OFFICER TRAVIS DALLAM<br>Individually and in his official capacity as<br>Officer with the Delmar Police Department<br>102 S. Pennsylvania Ave.<br>Delmar, Maryland 21875 | *<br><br>*<br><br>* |
| | * |
| Defendants | * |
| | * |

LAW OFFICES • OTWAY, RUSSO & ROMMEL, P.C. • 108 DOWNTOWN PLAZA, P.O. BOX 4096 • SALISBURY, MARYLAND 21803-4096

## COMPLAINT

Marcus Bounds, Plaintiff, by and through his undersigned counsel, Luke A. Rommel, Esquire and Otway Russo & Rommel, PC, sues the above captioned Defendants and for causes of action against same state as follows:

### NATURE OF THE CASE

1.      This action is brought by the Plaintiff, Marcus Bounds, against Deputy Benjamin Parsons and Corporal Cristan Taylor, who were acting individually and in their capacities as agents of the Wicomico County Sheriff's Department, and Officer Keith Heacook and Officer Travis Dallam, who were acting individually and in their capacities as an agent of the Delmar, Maryland Police Department.

2.      On April 14, 2013, beginning at approximately 4:45 in the morning, Plaintiff was involved in a violent altercation with Deputy Ben Parsons (hereinafter "Parsons") who was acting individually and in his official capacity as an agent of the Wicomico County Sheriff's Department.  Parsons was subsequently joined by Corporal Cristan Taylor (hereinafter 'Taylor"), who was acting individually and in his official capacity and as an agent of the Wicomico County Sheriff's Department, Officer Travis Dallam (hereinafter "Dallam"), who was acting individually and in his official capacity as an agent of the Delmar, Maryland Police Department, and Officer Keith Heacook (hereinafter "Heacook"), who was acting individually and in his official capacity as an agent of the Delmar, Maryland Police Department.  Plaintiff was severely and repeatedly assaulted, while handcuffed, and permanently injured by Defendants. The majority of the assaults occurred after Plaintiff was limp and motionless from having been "tazed" by Defendants. There was no lawful or reasonable reason for Defendants' excessive use of police force. Defendants also attempted to cover up the incident, conceal evidence, and write a false

police report.  Plaintiff's claims, in pertinent part, are brought under the Fourth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C §§ 1331, 1332, 1343 and 1367, as well as, principles of supplemental and pendant jurisdiction, and diversity jurisdiction, by virtue of Plaintiff's Delaware residence.  Venue is appropriate in this Court pursuant to 28 U.S.C § 1391.

4.      The causes of action alleged herein arise from factual allegations occurring in this judicial district.  Upon information and belief, Plaintiff and the named individual Defendants reside in this District.

5.      The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

## PARTIES

6.      Plaintiff, Marcus Bounds (hereinafter "Plaintiff"), is a resident of Delmar, Delaware.

7.      Defendants, Parsons and Taylor, are individuals who upon information and belief reside in Wicomico County, Maryland.  At all relevant times, Parsons and Taylor were acting in their official capacities as agents of the Wicomico County's Sheriff's Department.  The conduct of Parsons and Taylor stands in violation of the Fourth and Fourteenth Amendments of the Constitution, as well as clearly established law.

8.      Defendants, Heacook and Dallam, are individuals who upon information and belief resides in Wicomico County, Maryland.  At all relevant times, Heacook and Dallam were acting in their official capacities as an agent of the Delmar, Maryland Police Department.  The conduct of Heacook and Dallam stand in violation of the Fourth and Fourteenth Amendments of the Constitution, as well as clearly established law.

LAW OFFICES • OTWAY, RUSSO & ROMMEL, P.C. • 108 DOWNTOWN PLAZA, P.O. BOX 4096 • SALISBURY, MARYLAND 21803-4096

9.      Plaintiff has complied with the Local Government Tort Claims Act by providing written notice on November 18, 2013, through his then criminal defense counsel, to Wicomico County and the States Attorney for Wicomico County.   All named Defendants were present when written notice was issued.

### FACTS COMMON TO ALL COUNTS

10.      This case involves lawless, vigilante justice undertaken gratuitously by Defendants against Plaintiff, motivated by Defendants' beliefs that Plaintiff may have endangered the public by drinking and driving.   Unbeknownst to Defendants at the time, the incident happened to be caught on surveillance video.   In the early morning of April 14, 2013, Plaintiff voluntarily pulled over his vehicle in the parking lot of Barr Freightliner, a commercial truck repair facility, which is located at 9367 Ocean Highway, Delmar, Maryland.   Plaintiff had consumed alcohol earlier in the night.   Rather than continue driving, presumably under the influence of alcohol, he decided to park in what he believed to be a safe area and fall asleep.

11.      Plaintiff was sleeping without incident when approached by Parsons, who was the first responder to the Barr Freightliner parking lot.   Shortly after his arrival, Parsons ordered Plaintiff to perform a series of field sobriety tests.   Parsons, in his police narrative, described Plaintiff as "disoriented," but Plaintiff nonetheless participated in several field sobriety tests.   At a certain point thereafter, Parsons claimed that Plaintiff refused to participate in any additional field sobriety tests.   At this point, Parsons made the determination to place Plaintiff under arrest.

12.      At approximately 4:49 a.m., Parsons attempted to handcuff Plaintiff.   Plaintiff was standing upright at this time, facing a fence, and showed no sign of any resistance or threat. He was then tazed by Parsons and Plaintiff fell limp to the asphalt parking lot.   Plaintiff was handcuffed while face-down and motionless.   Plaintiff was then tazed a second time by Parsons, as described by Parsons, "in [Plaintiff's] back about his waistline and shoulder blades."   Through

this entire encounter, Plaintiff was lying face-down on the asphalt and motionless.  Plaintiff was not resisting arrest at any time.

13.     Parsons pulled Plaintiff upright, and walked him around his police cruiser.  At approximately 4:52 a.m., Dallam arrived at the scene.  Around this same time, Parsons tazed Plaintiff a third time, which was described by Parsons in his police narrative as "drive stunned about [Plaintiff's] chest area."

14.     At 4:52:40, Parsons and Dallam grabbed hold of Plaintiff, held him upright, and slammed him to the pavement.  Plaintiff was not doing anything that caused (or could be perceived as) a threat of danger to anyone at this time.  While on the ground, and still handcuffed, Plaintiff was kicked and beaten.  The reason, according to Parsons and Dallam, was to send Plaintiff a message about drinking and driving, and to warn him that he could have killed someone on the road that night.

15.     At approximately 4:53:20, Heacook arrived at the scene.  Parsons, Dallam and Heacook forcibly stood Plaintiff up against Parson's police cruiser, lifted Plaintiff up slightly and then slammed him once again down to the pavement.  Plaintiff was still handcuffed at this time, and was not doing anything that caused a threat of danger to anyone.  Around this time, Plaintiff was tazed again "about his chest area."

16.     Plaintiff remained on the pavement, completely motionless, for approximately three minutes.  He was surrounded by Dallam and Heacook.  Parsons, for some unknown reason, walked far from the scene and into a grassy area.  He then returned and assisted Dallam and Heacook to lift Plaintiff up again.  It was clear at this time that Plaintiff was incapable of standing on his own or maintaining his balance.  At approximately 4:56, Plaintiff was dragged by all Defendants (except for Taylor) across the parking lot close to the fence, where he was slammed down again into the pavement.  Defendants' use of force increased from the initial time

Plaintiff was slammed to the ground, and became more vicious.  Plaintiff was informed by

Defendants that "if he had killed one of [Defendants'] family members [their use of force against

him] would have been worse."  Plaintiff was still handcuffed at this time. In addition, Parsons

told Plaintiff that if he had "wrecked and killed his kid, [Plaintiff] would not have seen the next

day."

      17.    After being slammed to the ground the second time, Plaintiff remained motionless

and face-down for approximately one minute.  Defendants rolled him over on his back.  At

5:47:29, Defendant (who appears to be Heacook), lifted Plaintiff approximately three feet into

the air and pile-drove into the ground.  Plaintiff's head slammed and ricocheted against the

pavement.  Plaintiff was still handcuffed at this time.

      18.    Defendant Cristan Taylor (hereinafter "Taylor") arrived at the scene at

approximately 4:59 to assist Defendants to lift and place Plaintiff into the back of Parsons' police

cruiser.  Taylor, with knowledge that Plaintiff had been beaten intentionally and maliciously,

assisted washing down the pavement to conceal and remove evidence of Plaintiff's blood from

the pavement around the area of Parsons' police cruiser.  Defendant (who appears to be Parsons)

is seen discarding unknown items in area far-removed from the scene.  Taylor played an active

role covering up the scene, and to conceal evidence of Defendants' brutality.

      19.    During the incident, Defendants made several comments to Plaintiff regarding

how he was going to be taught a lesson for drinking and driving, and he was lucky he did not kill

anyone.

      20.    After the incident, Plaintiff was transported to Peninsula Regional Medical Center

for treatment of his injuries.  When Parsons was asked by medical personal to describe what

happened, he said that Plaintiff slipped and fell on his own initiative. Parsons also prepared an

intentionally false police narrative to support numerous criminal charges, including resisting

LAW OFFICES • OTWAY, RUSSO & ROMMEL, P.C. • 128 DOWNTOWN PLAZA, P.O. BOX 4096 • SALISBURY, MARYLAND 21803-4096

arrest, that were subsequently filed against Plaintiff. In this narrative, Parsons claimed Plaintiff apologized to him "for his actions" while at the hospital. This statement, like the majority of the narrative itself, is false and malicious.

21.     Plaintiff has been physically, economically and emotionally damaged by the incident, including but not limited to: experiencing serious and permanent physical injuries, scarring, pain, lacerations and bruising while being kicked, punched, tazed, slammed to pavement repeatedly, all while handcuffed. As a result of Defendants' conduct, Plaintiff has suffered will continue to suffer severe emotional anguish, loss of income, and other economic and non-economic damages. Plaintiff's physical injuries are severe and some are permanent.

COUNT I - VIOLATION OF 42 U.S.C. § 1983
*(Marcus Bounds v. all Defendants)*

22.     Plaintiff incorporates herein by reference, all of the allegations of Paragraphs 1 through 21 above, as fully as if said allegations had been repeated at length herein.

23.     In committing the acts complained of herein, the Defendants deprived Plaintiff of constitutionally protected rights of the Fourth Amendment and Fourteenth Amendment to the United States Constitution, including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right to be free from excessive force by persons under the color of law; and d) the right to be free from false arrest.

24.     At all relevant times, Plaintiff had constitutional rights under the Fourth Amendment and Fourteenth Amendment to the United States Constitution to be free from unreasonable seizures and excessive force.

25.     Defendants' use of force against Plaintiff was excessive, intentional and objectively unreasonable in light of the facts and circumstances confronting them. The force applied by the Defendants was grossly disproportionate to any real or perceived public risk.

LAW OFFICES • OTWAY, RUSSO & ROMMEL, PC. • 108 DOWNTOWN PLAZA, P.O. BOX 4096 • SALISBURY, MARYLAND 21803-4096

26.     As a direct and proximate result of Defendants' actions, Plaintiffs was harmed and suffered and continue to suffer and incur both economic and non-economic damages. Plaintiff has suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C § 1983.

27.     The conduct of Defendants was intentional, reckless, malicious and/or callously indifferent to the rights of Plaintiff and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.  The conduct is malicious considering its frequency, severity and brutality.  No force was necessary under the circumstances.

WHEREFORE, Plaintiff Marcus Bounds demands judgment for the damages and violation of his constitutional rights against all Defendants, jointly and severally, for actual general, special and compensatory damages in an amount not less than Seventy-Five Thousand Dollars ($75,000.00), plus punitive damages, plus the costs of this action, including attorneys' fees and expenses and such other relief as the nature of their cause and principles of justice may require.

COUNT II - VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C § 1983
USE OF EXCESSIVE FORCE
(*Marcus Bounds v. all Defendants*)

28.     Plaintiff incorporates herein by reference, all of the allegations of Paragraphs 1 through 27 above, as fully as if said allegations had been repeated at length herein.

30.     Defendants used policies, procedures, practices and customs within their jurisdiction that have caused, among other things, the use of excessive force when more reasonable and less drastic methods were available, or no action was necessary at all. Defendants' unreasonable use of force was disproportionately been applied to Plaintiff, and was

used maliciously and vindictively. This excessive force was used repeatedly against Plaintiff while he was handcuffed and posed no threat of any kind to Defendants or the public.

31.     The actions of Defendants amount to deliberate indifference to the rights of Plaintiff to be free from the use of excessive force and unreasonable seizures under the Fourth Amendment and Fourteenth Amendment to the United States Constitution.

32.     As a result of the deliberate indifference to Plaintiff's rights by the Defendants, Plaintiff suffered personal injuries and other damages, and is entitled to relief under 42 U.S.C § 1983. The conduct is malicious considering its frequency, severity and brutality. No force was necessary under the circumstances.

WHEREFORE, Plaintiff Marcus Bounds demands judgment for the damages and violation of his constitutional rights against all Defendants, jointly and severally, for actual general, special and compensatory damages in an amount not less than Seventy-Five Thousand Dollars ($75,000.00), plus punitive damages, plus the costs of this action, including attorneys' fees and expenses and such other relief as the nature of their cause and principles of justice may require.

## COUNT III - CIVIL ASSAULT/CIVIL CONSPIRACY
### (*Plaintiff Marcus Bounds vs. all Defendants*)

33.     Plaintiff incorporates herein by reference, all of the allegations of Paragraphs 1 through 32 above, as fully as if said allegations had been repeated at length herein.

34.     Defendants' conduct and unlawful and excessive use of force against the Plaintiffs constituted an intentional touching of Plaintiff, which resulted in the offensive, non-consensual touching of the Plaintiffs by Defendants, and was undertaken deliberately and with actual malice.

LAW OFFICES • OTWAY, RUSSO & ROMMEL, P.C. • 108 DOWNTOWN PLAZA, P.O. BOX 4096 • SALISBURY, MARYLAND 21803-4096

35.     As a result of Defendants' conduct, Plaintiff has suffered damages, including, but not limited to pain and suffering, physical injuries, bruising and lacerations, humiliation, mental distress, and economic losses.

36.     Defendants' use of force against Plaintiff was motivated by personal reasons, which were unrelated to the actual incident on the night of this arrest, and were not necessary or reasonable in light of any perceived threat posed by Plaintiff.

37.     Defendants knowingly and intentionally conspired to assault Plaintiff, for reasons they subjectively perceived to be necessary to combat the dangers of drunk driving.  Defendants agreed and acted unlawfully and in furtherance of this agreement to "send a message" to Plaintiff, and use brutal, intentional and excessive police force to do so.

WHEREFORE, Plaintiff Marcus Bounds demands judgment for the damages and violation of their constitutional rights against all Defendants, jointly and severally, for actual general, special and compensatory damages in an amount not less than Seventy-Five Thousand Dollars ($75,000.00), plus punitive damages, plus the costs of this action, including attorneys' fees and expenses and such other relief as the nature of their cause and principles of justice may require.

<u>PRAYERS FOR RELIEF</u>

WHEREFORE, the above premises considered, Plaintiff demands:

1.     That process issue to the Defendants, and that they be required to answer in the time allowed by law.

2.     That judgment be rendered in favor of Plaintiff and against the Defendants on all causes of action asserted herein.

3.     That Plaintiff be awarded punitive damages against the Defendants.

4.     That Plaintiff be awarded the reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C § 1988 (b) and (c).

5.     That Plaintiff receives and other further and general relief to it may appear he is entitled.

6.     A jury for the trial of this matter.

Date: April  10  , 2015

Luke A. Rommel, Esquire
(Federal Bar #16949)
lrommel@otwayrusso.com

OTWAY, RUSSO & ROMMEL, P.C.
P.O. Box 4096
Salisbury, Maryland 21803
Telephone 410-749-3900
Facsimile 410-749-8577
*Attorneys for Plaintiff*

LAW OFFICES • OTWAY, RUSSO & ROMMEL, P.C. • 108 DOWNTOWN PLAZA, P.O. BOX 4096 • SALISBURY, MARYLAND 21803-4096